**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTHA L. WOODY,<br><br>            Plaintiff - Appellant,<br><br>   v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>            Defendant - Appellee. | No. 08-16918<br><br>D.C. No. 2:07-cv-02164-DGC<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted November 5, 2009
San Francisco, California

Before: B. FLETCHER, CANBY and GRABER, Circuit Judges.

Plaintiff-Appellant Martha L. Woody appeals the decision of the district

court remanding her Social Security disability insurance benefits claim for further

proceedings before the administrative law judge ("ALJ") rather than for a

determination of benefits. This court has jurisdiction over the appeal under 28

_____

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

U.S.C. § 1291. We reverse and remand to the district court with instructions to remand to the Commissioner for an award of benefits.

The ALJ determined that, in combination, Woody's fibromyalgia, migraine headaches, diabetes mellitus, insulin dependence, right shoulder injury, right knee surgery, and back and neck pain along with cervical spondylosis amounted to a severe impairment. Nonetheless, the ALJ found Woody's testimony regarding her pain and symptoms not fully credible, even though her impairments could be expected to produce at least some of the alleged symptoms. The ALJ then made a residual functional capacity ("RFC") determination, finding jobs in which Woody could work despite her limitations.

As the district court found and both parties agreed, the ALJ committed legal error by rejecting Woody's pain testimony without identifying specific reasons supporting an adverse credibility finding. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). The district court remanded the case for further proceedings, directing the ALJ to evaluate the duration of Woody's disabling conditions and to conduct another RFC evaluation, this time including all of the relevant factors.

The decision whether to remand for further proceedings or for an immediate payment of benefits is reviewed for abuse of discretion. *Benecke v. Barnhart*, 379

F.3d 587, 590 (9th Cir. 2004). Evidence should be credited as true and an action remanded for an award of benefits when: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) no outstanding issues remain that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were the rejected evidence credited as true. *Id.* at 593; *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000).

After applying the credit-as-true rule to Woody's improperly discredited pain testimony, no outstanding issues remain to be resolved before determining that Woody is entitled to benefits. The ALJ added facts mirroring the discredited testimony to the hypothetical posed to the vocational expert ("VE") when evaluating RFC. The VE responded that such a person would not be able to work. Furthermore, the ALJ already had determined that Woody met the duration requirement. As it is clear the ALJ would be required to find Woody disabled, s*ee Benecke*, 379 F.3d at 593-95, the district court abused its discretion in remanding for further proceedings rather than for an award of benefits.

REVERSED and REMANDED with instructions to remand to the Commissioner of Social Security for an award of benefits.

3